UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, Jr., | No. 2:19-cv-2575 JAM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSIE GASTELO, WARDEN,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus. Before the court is petitioner's petition for screening. For the reasons set forth below, this court will recommend the petition be dismissed.

Petitioner challenges a conviction and twenty-year sentence imposed in 2008 in Butte County Superior Court for false imprisonment, burglary, and home invasion robbery. (See Pet. (ECF No. 1) at 1.) In 2012, petitioner filed a federal habeas action in this court challenging the same judgment. See Bouie v. Board of Parole Hearings[2], No. 2:12-cv-1221 MCE JFM (E.D.

---

[1] Petitioner identified the Board of Parole Hearings ("BPH") as the respondent. However, petitioner is not challenging an action of the BPH. Rather, he is challenging his 2008 conviction. Accordingly, this court has substituted the warden of California Men's Colony, East, where petitioner is currently incarcerated, as respondent in this case. See 28 U.S.C. § 2242.

[2] As he did in this case, petitioner incorrectly identified the BPH as the respondent in the 2012 action.

1

Cal.). On August 6, 2013, the court denied that petition with prejudice on the grounds that it was untimely and declined to issue a certificate of appealability. Id. (ECF Nos. 27, 28). Petitioner sought a certificate of appealability from the Ninth Circuit Court of Appeals. In 2014, the Ninth Circuit also declined to issue a certificate. Id. (ECF No. 38).

A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that he is raising a new claim and (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. See Burton, 549 U.S. at 157.

Because petitioner challenges the same conviction he challenged previously, this is his second federal petition. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)."); see also In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (same); McGee v. Paramo, No. 2:18-cv-1680 WBS GGH P, 2019 WL 582349, at *3 (E.D. Cal. Feb. 13, 2019) (same), rep. and reco. adopted, No. 2:18-cv-1680 WBS GGH P (E.D. Cal. Apr. 2, 2019). This court lacks jurisdiction to consider the petition until petitioner has obtained authorization from the Ninth Circuit Court of Appeals to file it.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice; and

2. The court to decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 7, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/boui2575.successive fr